# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHNATHAN VAUGHN, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | |
| RPM LIVING, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW Plaintiff, Mr. Johnathan Vaughn, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against RPM Living, LLC (hereinafter referred to as "Defendant"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arise out of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts II and III of this Complaint, which arise out of the Family and Medical Leave Act ("FMLA").

3. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Fulton County, Georgia.

6. Defendant RPM Living, LLC is a Foreign Limited Liability Company doing business in the state of Georgia, with a principal office located at 710 Peachtree Street NE, Suite 100, Atlanta, GA 30308.

7. Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA 30326.

8. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

9. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

10. Defendant is now, and at all times relevant hereto, an employer subject to the

ADA and the FMLA.

11. Plaintiff was employed with Defendant beginning in February 2021.

12. Plaintiff was most recently employed as a Community Manager.

13. During all times relevant to the instant action, Plaintiff worked at Defendant's downtown Atlanta property, Altitude.

14. As Community Manager, Plaintiff reported to Ms. Chaunetta Young, Regional Manager.

15. In February 2022, nine rounds of bullets were fired through the front doors of Altitude where Plaintiff was working.

16. In May 2022, Defendant hired a convicted felon with active arrests as Plaintiff's subordinate employee.

17. In July 2022, Plaintiff was pepper sprayed at work.

18. In July 2022, Plaintiff was diagnosed with severe anxiety.

19. Plaintiff's anxiety impacted his ability to sleep, his ability to experience enjoyment, and his overall health.

20. On July 29, 2022, Plaintiff emailed Mr. Michael Gerrard, Defendant Human Resources Manager, advising of his diagnosis and requesting information on Defendant's Employee Assistance Program ("EAP").

21. On August 9, 2022, Plaintiff advised Ms. Young of his recent diagnosis and

related struggles.

22. Ms. Young responded that everybody suffers from anxiety, diminishing Plaintiff's concerns.

23. On or about August 16, 2022, Plaintiff inquired about FMLA leave with Ms. Young at his doctor's recommendation.

24. Plaintiff also requested a reasonable accommodation of a new computer.

25. Defendant failed to provide Plaintiff with information concerning FMLA leave options despite Plaintiff's eligibility for FMLA leave.

26. On August 22, 2022, Plaintiff met with Ms. Young and his incoming new supervisor, Ms. Ebony Jackson.

27. In the meeting, Plaintiff told Ms. Young she could finally say, "bye bitch," to the property.

28. Plaintiff's comment was referencing a commonly-held belief that Altitude was not a desirable location within the company to work.

29. On August 24, 2022, Plaintiff was terminated from his employment by Mr. Girard with Ms. Jackson present for allegedly using derogatory language toward managers.

30. Plaintiff is aware of other Defendant employees who used derogatory language in the workplace in the presence of management and were not similarly

disciplined.

31. For example, in July 2022, Ms. Chelsea Chowing, Defendant Regional Manager, referred to Plaintiff as a "fucking dick" without repercussions.

32. Mr. Jason Ivy, Defendant Leasing Manager, was reported to Defendant Regional Manager, Ms. Joanna Oswald, for calling an applicant a, "broke bitch," and no action was taken.

33. Plaintiff filed claims with the Equal Employment Opportunity Commission ("EEOC") on or about January 25, 2023.

34. Plaintiff received his Dismissal and Notice Of Rights.

## IV. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

35. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

36. Plaintiff was qualified for his position. *Paras. 11-13.*

37. Plaintiff is a disabled individual under the ADA. *Paras. 18-19.*

38. Defendant was aware of Plaintiff's medical condition qualifying him under the ADA. *Paras. 20-21, 23-24.*

39. Shortly after Defendant became aware of Plaintiff's disability, Plaintiff suffered the adverse action of termination. *Paras. 20-29.*

40. The timing of Plaintiff's notice to Defendant of his medical condition as compared to his termination demonstrates discriminatory animus. *Paras. 20-29*.

41. Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 29-32*.

42. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: FMLA INTERFERENCE

43. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

44. Plaintiff suffered from a condition qualifying him for FMLA leave.

45. Plaintiff properly requested FMLA leave from Defendant. *Para. 23*.

46. Following Plaintiff's request for FMLA leave to which he was entitled, Plaintiff was terminated from his employment. *Paras. 23-29*.

47. At no time was Plaintiff advised of his eligibility for FMLA leave. *Para. 25*.

48. At no time was Plaintiff instructed to submit documentation or forms related to FMLA leave. *Paras. 25, 29*.

49. Therefore, Defendant interfered with Plaintiff's rights under the FMLA. *Paras. 20-29*.

50. As a result of this interference, Plaintiff incurred actual damages.

## COUNT III: FMLA RETALIATION

51. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

52. Plaintiff engaged in a protected activity under the FMLA when he advised of his doctor's recommendation that he utilize FMLA leave. *Para. 23.*

53. Following Plaintiff's request for FMLA leave to which he was entitled, Plaintiff was terminated from his employment. *Paras. 23-29.*

54. The circumstances of these adverse actions raise an inference of retaliation. *Paras. 23-29.*

55. Defendant's reason for Plaintiff's termination is illegitimate. *Paras. 29-32.*

56. Plaintiff suffered damages as a result of Defendant's retaliation, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 11th day of December, 2023.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                        s/Rachel B. Canfield
                        Rachel B. Canfield
                        Georgia Bar No. 488716
                        Kirby G. Smith
                        Georgia Bar No. 250119
                        *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of December, 2023.

                THE KIRBY G. SMITH LAW FIRM, LLC

                s/Rachel B. Canfield
                Rachel B. Canfield
                Georgia Bar No. 488716
                *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com

## **FONT AND POINT CERTIFICATION**

The Undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 11th day of December, 2023.

                                                  THE KIRBY G. SMITH LAW FIRM, LLC

                                                  <u>s/Rachel B. Canfield</u>
                                                  Rachel B. Canfield
                                                  Georgia Bar No. 488716
                                                  *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
rbc@kirbygsmith.com